Jenner, J.
The case of William H. Metzger and Victoria C. Udick v. Daniel S. Holwick, is here on appeal, but the facts are substantially agreed upon.
The plaintiffs aver they are the owners of the real estate described in this petition, parts of two lots in the city of Canton; and they aver they have the free use and enjoyment, in common with others, of a fifteen-foot alley and ■right of way running through and over said lets, from Cedar street to the railway; further they aver that they are the •owners of a right of way — a fifteen-foot alley — running west-wardly from the ahove described alley along the line of the McLain M ichine company’s railroad switch to Cleveland avenue; and they further aver that the defendant, Holwick, is about to interfere with their use of it by erecting a permanent building across this way.
*606 The answer admits that he is about to erect this building across this claimed right of way, but it avers that it is his; and that he has a right tc erect it there, and that the plaintiffs have no interest whatever in it. That presents the question, substantially.
It is claimed that the plaintiffs had this right of way because it was appurtenant to their real estate. The other side denies that it was an appurtenant; but admits that it was a way in gross attached to certain of this real estate.
Now the facts are these, in brief: — that on the21st day of December, 1888, the McLain Machine Company was the owner of a tract of land in this city, on a part of which they had erected their shops. They had a switch extending from the Pennsylvania railroad main track to their plant; on the day named they sold and conveyed to Holwick by deed a portion of these grounds; they describe it by metes and' bounds, and then set forth that they will construct an alley, fifteen feet wide, from Cedar street clear down to the railroad; and in the deed now to Holwick' — and it all turns upon this and what was subsequently done — they provide that Holwick shall have the joint use of this private switch; that h9 shall pay half the expense of keeping it in good order, and then comes this language: “Said second party agrees to leave an open driveway from the south end of said alley along said railway and switch to Poplar street.” That appears in the deed. I ought io say that the same reservation, we assume from what counsel have said, appears in the two prior conveyances until they come to these plaintiffs, and in the plaintiffs’ deeds it appears in the language of this deed.
Plaintiffs’ property is separated from the defendant’s by this fifteen-foot alley, and it fronts on South Market street, and it lies lengthwise on Cedar street; there are four other lots between their property and this switch.
It must be borne in mind that after this conveyance to Holwick, which was December 1, 1888, there were certain conveyances and then the machine company conveys to Heirscheimer January 28, 1892, this lot that the plaintiffs now own. November 10, 1892, Heirscheimer conveys to these plaintiffs whatever rights Heirscheimer had, and it is claimed these plaintiffs had to use this as a way appurtenant to his property.
We think this presents a question of some difficulty, and we find that we are not able to agree among ourselves as to this question; and I want to state the conclusions of a majority of the court.
It is quite important,we think, to understand these facts: *607 that these plaintiffs’ property is separated by a fifteen foot alley, and lies away up on Cedar street, fronting on South Market, with four lots between it and this right of way; and' that at the time the sale was made to Holwick, the machine company owned the land immediately south of Holwick — > the switch divided it in two; they also owned the land west on which their shop was situated; now, subsequently, they divided up the land lying west of the fifteen-foot alley which they agreed to open up and did open up — they divided it into lots, and sold them.
It is important to get at a clear definition, we think, of some of these terms, and I want (for fear I may overlook it) to call attention to this 110 Illinois, the case of Keckin v. Votz. Commencing on page 264, it is said the court below determined the case substantially, on this authority, and the facts are these in this case — I can state it so as to make myself understood clearly, I think. A man by the name of Chanler owned a piece of land in Chicago, and it was substantially ninety feet square, eighty-nine feet one way and ninety the other; it fronted on Wells street, and it lay sidewise or. Chicago avenue. Now he sold off, I will say (by treating the top here as though it were north I can make myself understood, and there is a diagraai of the Jots here in this book), he sold off two pieces at the south end of the property, twenty-nine feet to Volz, and another twenty feet to Volz which was aftervards conveyed to other parties by mean conveyances. Now in the deed he reserves ten feet for an alley along and across these lots, across the end of the lots, and it is said that if they can look beyond the deeds (and some authorities differ as to whether they can look beyond the deeds to determine whether or not a way is appurtenant or not) — it ought to be determined by the reading of the deed itself; hut still the authorities, or some of them, seem to hold that you may look beyond and find out just how the parties are situated. That is what he had done; he subsequently sold and conveyed the northern lots to other parties, the persons on the south reconveyed, and then they closed up that alley, and the question was made as to whether or not that was appurtenant. It is said here in the opinion of the court that it was necessary, to get to Chioago ■avenue, to pass over this ten feet. Now, here is what the court said in the opinion — this is the language of the reservation ‘excepting and reserving therefrom’ — that is the language — ‘ten feet across the west end of said premises for an alley — ■ (it was reserving that, it was not conveyed); the deeds conveying to each of these parties contain the same *608 exception and reservation contained in the deed to O’Neil.’ Quoting from another case the court on page 269 say: “In construing deeds or other writings, courts must seek to ascertain and give effect to the intention of the parties. For that purpose, they may and will take notice of attendant Circumstances, and by them determine the intention of the parties, the situation and location of the property, the manner in which it was used in connection with the reservation; the exception contained in all the deeds from Chanler clearly indicates an intention to create the alley for a right of way in the nature of an easement.”
It run right across the end; they had noway out to Chicago avenue except by that way which had been reserved; they say that being so, it. was a way appurtenant. This judge quotes from 11th Grey, page 270: “When it appears by a fair interpretation of the words of a grant that it was 1 he intention of the parties to create or reserve a right in the nature of a servitude or easement in the property granted, for the benefit of other land owned by the grantor, and the original forming with the land conveyed, one parcel, such right will be deemed appurtenant to the land of the grantor, and binding on that conveyed to the grantee.”
That is all I need to say as to that authority. I want to get clearly the definition, and I turn to this recognized authority, Washburne on Easements and Servitudes, and on page 11, first: “A man may have a way in gross over another’s land,but it must, from its nature, be a personal right, not assignable or inheritable, nor can it be made so by any terms in the grant any more than a collateral and independent covenant can be made to run with land.
“Where one granted an estate, and in his deed, reserved aright of way across it to a certain point,but made no mention of or reference to any estate to which it was tc be appurtenant, or with which used, it was held to be a way in gross, and not the subject of a grant.’’
That is the condition in this deed; there is nothing said about'the machine company having any other land; it does not refer to it, nor describe it; but just says in so many words, that he agrees to keep a way open fifteen feet wide, and does not say where, does, not say for whose benefit. “A right; in gross is net assignable. If one has a right of way appendant or appurtenant to an estate, he cannot grant it separate and distinct from the land to which it belongs. When, therefore, the grantee conveyed the dominant estate with all is ways, etc., it did not convey any right of way as being appurtenant under that, grant except such as was con- *609 mected with the use and enjoyment of the land to which it was annexed. ”
It must be remembered that the switch was a private switch, and so called in this deed. Hclwick agrees to pay one-half of the expense of keeping it in order. And after that,this other lot, away off, four lots at least distant, is sold to the plaintiff's.
I want to turn over a few pages and see what this authority says as to when a way is appurtenant, and I will read a line: “Ways are said to be appendant or appurtenant when they are incident to an estate, one terminus being on the land of the party claiming it.” Now, if that is a correct definition, there is no claim that there is one terminus of this way on this land; it terminates in an alley near the railroad, and this Jot is at the upper end of the alley, fronting on Market Rtreet and Cedar street; so it is not in any way connected with it. It does’not terminate there any more than any other street that might be followed up with alleys and streets, would.terminabe there. “Ways are said to be appendant or appurtenant when they are incident to an estate, one termiuus being on the land of the party claiming it.” They must inhere in the land, concern the premises, and be essentially necessary to their enjoyment. They are of the nature of covenants running with the land, and like them must respect the thing granted or demised, and must ■concern the land or estate conveyed. A way appendant cannot be turned into one in gross, because it is inseparably united to the land on which it is ineideut. So a way in •gross cannot be granted over to another, because of its being attached to the person; nor can one have a private way ■over and along a public highway.
Now, I desire to,call attention to 23d Ohio State, the case of Boatman and WTife against Lasley, page 614; the syllabus is very brief: “A right of way in gross is a right personal to the grantee, and cannot be made assignable or inheritable 'bj1 any words in the deed by which it was granted.”
Here are some of the facts: A right of way had been granted by deed, on the 7th day of .Tune, 1869, by the warrantor to Logue, his heirs and assigns, and the tenants and occu■piers for the time being of the lands then owned and occupied ;bv the said Alexander Logue, in section 15, town 5, of range 14, in the Ohio company’s purchase etc. It is not alleged, however, that Logue at the time the right of way over the warranted premises was granted to him by the plaintiff, was the owner cr occupier of any land in said section 15, or elsewhere; nor is it alleged that the right of way complained of *610 became appendant or appurtenant to any land whatever, orthat said Roush had any interest in said right of way.
The evidence being closed, the court charged the jury as-follows, on the questions raised on the issue: “If the jury-shall find from the evidence that at the date of the deed made by Lasley to Legue, marked “A,” the said AlexanderLogue, grantee therein, was not the owner in fee or otherwise cf some real estate adjoining the farm through which-said right of way is granted, or situate in the neighborhood-sc'that said right of wav may become appurtenant to the-same, then the said deed conveys a right of way personal to-himself-alone, and one which cannot descend to his heirs,, one which he cannot assign or release to another person except such other parson be the owner of the farm "through which said way was granted.”
Now, if this reservation to the McLain Machine Company-was persona] to the McLain Machine Company, they could¡ not by conveying a lot away off distant from that, net-touching it. not coming near to it, make it appurtenant.. That seems tc be the point of that charge.
Judge Mcllvaine, announcing the opinion, among etherthings, says this: “The terms cf the deed from Lasley to-Logue plainly import an intention to make the right of way therein granted appendant and appurtenant to other lands,but the record does not disclose either the facts or the law-given to the jury whereby it oould determine whether cr notthat intention was accomplished.
“Where the way is appendant or appurtenant to other lands, very different considerations arise. There the right attaches to the lands to which the way is appurtenant, because it is granted for the convenience of their occupation.without respect to the ownership or numiier of occupants.. In such case the right of way passes with th® dominant estate as an incident thereto. A right of wav appendant oan-not be converted into a way in gross, nor can a way in gross-be turned into a way appendant.”
This case in the 100 Pennsylvania State is also cited, page 42. I may refer to it briefly, and I will simply read a line-from the opinion of the court on page 46: “The extent of' the right, and everything pertaining to it, is to be gathered.! from the terms of the grant in Hunter’s deed.” New,if thatis the law that you have to lock to the deed for the exentof it, referring tc it we find, the grant was the free use and' privilege of an open road, forever. If there was any doubt as to the nature or extent of the grant, the well settled rule would require tp be taken most stropgl.v against the grantor; *611 but there is no ambiguity about it. On the contrary, it is-clear and explicit, and instead of restricting or in any way limiting the use, it is declared to be free and an open read forever. It needs no citation of authorities to show that such a right ot way may be used and enjoyed by those who own or lawfully occupy any part of the dominant tenement for any purpose to which it may from time to time be legitimately applied. Only those who may be properly regarded as trespassers on the dominant tenement can be exoluded.
I cite that to show that there they hold you cannot look-beyond a deed for the purpose of determining the question.
And in the Massachusetts report, 107, case of Dennis v. Wilson, page 591: “The owner of a lot cf land adjoining' the highway sold and conveyed part of it, excepting and reserving a right of way extending from the highway along' the line of division between the part sold and the rest of the-land for a distance less than the whole depth of the lot.
“Held: That the right was appurtenant to the rest of the' land, whether or not it was limited to the grautor’s life.”' This is what the court say among other things: “When there is in the deed no declaration of the intention of the' parties in regard to the nature of the way, it will Le determined by its relation to other estates of the grantor, or its-want of such relations. The right of way excepted and reserved extended from the highway in front and along the line of the division for a specified distance, less than the-whole depth of the lots, etc.” — without reading more there. “Its character must be determined by the purposes for which the way was intended to be used. Whether a way is-appurtenant to land depends upon its relation to the land in respect of use, and not upon any currespondence with the-title of the owner in respect to duration.”
Now, how is this in fact. This party could not: use that switch; the switch-is on the private land of Holwick, and the private land o.f the "machine company. Here is a way all around it. Here are two streets; this lot is on two streets;it abuts on this alley. It does not terminate at this lot, nor in this lot. And taking the facts o, this case, with these authorities, the definition they give as to what would make it appurtenant, the majority of the court think that this way was merely a way in gross, reserved by the McLain Machine Company for their benefit, and when they conveyed other real estate they had, different from that, not ccnheoted with it, why, they could not convey that reservation. So we-will have to dismiss this petition, at the costs of the plaintiff.
N. 0. McLean, and Q. T. Meyer, for Plaintiff in Error.
Wann & Bow, for Defendant in Error.
PoMERENE, J.
I am wholly unable to agree with my brothers on the subject on this point; I think it is connected with the part of the land retained.
Now, this machine company owned a certain tract of land; part of it lies between Poplar street and South Market street, and part of it still west of Poplar street. In selling portions •of that off the west part, that which lies between Poplar street aid South Market street — r part of that consideration on the part of the machine company was that they agreed to leave an alley open on the west part of that land which they retained; Holwick agrees to pay so much money, and •agrees to leave a driveway open to that alley, to connect that part of the land, aud it seems to me it is part of it. That ■is the point in which I disagree with my brothers.